UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                Case No. 15-46671

KEITH BRADLEY KRAMER,                                 Chapter 7

               Debtor.                           Judge Thomas J. Tucker
_____/

**OPINION AND ORDER DENYING DISCHARGE IN A CHAPTER 7 CASE,
AND CANCELLING THE MARCH 30, 2016 HEARING ON SHOW-CAUSE ORDER**

**I. Introduction**

On March 15, 2016, the Court entered an order entitled "Order to Show Cause Why Debtor Is Eligible for a Discharge" (Docket # 153, the "Show-Cause Order"), which stated, in part:

> [I]t appears that the Debtor Keith Kramer received a discharge under 11 U.S.C. § 1141, on April 22, 2010, in a case that was commenced within 8 years before the April 28, 2015 filing of this case. It therefore appears that the Debtor Keith Kramer is not eligible for a discharge in this case. *See* 11 U.S.C. § 727(a)(8).

(*Id*. at 3, Part III.) The Show-Cause Order further stated:

> IT IS ORDERED that:
>
> 1. No later than March 28, 2016, the Debtor must file a written response to this Show-Cause Order.
>
> 2. No later than March 28, 2016, any party in interest, including the United States Trustee and any creditor, may file a written response to this Show-Cause Order.
>
> 3. If the Debtor does not timely file a written response, as required by ¶ 1 above, the Court will construe that failure to mean that the Debtor does not oppose the entry of an order denying discharge in this case, based on 11 U.S.C. § 727(a)(8).
>
> 4. Unless the Court has entered an order denying discharge before March 30, 2016, the Debtor and the attorney for the

> Debtor must appear before this Court on March 30, 2016 at
> 10:00 a.m. in Courtroom 1925, and show cause why the
> Debtor is eligible for a discharge in view of 11 U.S.C.
> § 727(a)(8). Any other party in interest may also appear and
> be heard at this hearing, regarding the § 727(a)(8) discharge
> issue.
>
> 5. If the Court does enter an order denying discharge before
> March 30, 2016, the March 30, 2016 hearing will be
> deemed cancelled, as no longer necessary.

(*Id.* at 3-4, Part III.)

## II. Responses to the Court's Show-Cause Order

### A. Debtor's failure to respond

The Debtor did not file any response to the Show-Cause Order by the March 28 deadline. Consistent with the Show-Cause Order, quoted above, the Court construes this to mean that the Debtor does not oppose the entry of an order denying discharge in this case, based on 11 U.S.C. § 727(a)(8).

### B. The United States Trustee's response

Two responses were filed to the Show-Cause Order. First, the United States Trustee (the "UST") filed a response on March 25, 2016 (Docket # 160), agreeing that the Debtor is not eligible for a discharge in this case, based on 11 U.S.C. § 727(a)(8). But the UST notes that he has an adversary proceeding pending that alleges additional grounds under 11 U.S.C. § 727(a) for denying the Debtor's discharge in this case, which if successful would have a more comprehensive effect than a denial of discharge based only on § 727(a)(8). Because of this, the UST requests the following:

> [T]he U.S. Trustee respectfully requests that the Court either
> continue the show cause order until the U.S. Trustee's amended
> complaint is resolved (whether by waiver or as the result of a trial),
> or, in the alternative, that the Court permit the U.S. Trustee's case
> to go forward even if the Court denies the Debtor's discharge under
> 11 U.S.C. § 727(a)(8.)

(Docket # 160 at 2).

Because the Court concludes that § 727(a)(8) clearly precludes a discharge in this case, a conclusion the UST agrees with, there is no good reason for the Court to delay entering an order

denying discharge on that ground. But the Court will consider the alternative requested by the UST, by entering a separate order in the UST's pending adversary proceeding (Adv. Pro. No. 15-5460) that permits the UST and the Defendant-Debtor to be heard on the question whether that adversary proceeding should be dismissed as moot.

**C. Talmer Bank and Trust's response**

The second response filed to the Show-Cause Order was filed on March 28, 2016 by Talmer Bank and Trust ("Talmer") (Docket # 163). Talmer argues that the Debtor did not receive a discharge in his 2009 Chapter 11 case.

The Court rejects Talmer's arguments, because they are without merit. Based on the facts and the reasons stated in the Court's Show-Cause Order, the Court concludes that the Debtor Keith Kramer did indeed obtain a discharge in the 2009 case, upon confirmation of the Debtor's Plan in that case. This is so because the confirmed plan clearly says so — there is no doubt or ambiguity about that. And that confirmed plan binds "any creditor," including Talmer, under 11 U.S.C. § 1141(a), and also under principles of res judicata, discussed below. (As Talmer's response indicates (Docket # 163 at 1), Talmer is the successor-in-interest of First Place Bank, who was a creditor in the 2009 case. Talmer therefore stands in the shoes of First Place Bank as a creditor in this case.)

Talmer argues that the Debtor did not receive a discharge in the 2009 case merely upon confirmation of the Fourth Amended Plan, and before making all payments required by the confirmed plan. This is so, Talmer argues, because the "notice and hearing" and "cause" requirements of 11 U.S.C. § 1141(d)(5)(A) were not met.

This argument is without merit, for at least two reasons. First, the argument is inconsistent with the fact that the Court confirmed a Chapter 11 plan in the 2009 case that clearly granted the Debtor Keith Kramer a discharge *upon confirmation*. Talmer's arguments really only challenge the *correctness* of this result. As such, the arguments are barred by the doctrine of res judicata, which applies to the confirmation order entered in the 2009 case. As described by the Sixth Circuit Court of Appeals:

> As a general rule, the "[c]onfirmation of a plan of reorganization constitutes a final judgment in bankruptcy proceedings." *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir.1992). Such confirmation by a bankruptcy court "has the effect of a judgment by the district court and res judicata principles bar relitigation of any issues raised **or that could have been raised** in the confirmation proceedings." *In re Chattanooga Wholesale Antiques, Inc.*, 930 F.2d 458, 463 (6th Cir.1991).

*Browning v. Levy*, 283 F.3d 761, 772 (6th Cir. 2002)(emphasis added). Talmer's predecessor-in-

3

interest, First Place Bank, was a creditor and party in interest who actively participated in the 2009 case,[1] but it never objected to the provision in the Debtors' joint Fourth Amended Plan stating that the Debtor Keith Kramer would obtain a discharge upon confirmation. (Nor did any party object to this.) Talmer's arguments now are barred by the res judicata effect of the confirmation order entered in the 2009 case:

> Res judicata bars not only the actual parties to an earlier bankruptcy proceeding from later bringing suits which should have been brought in the context of the proceeding, but also those in privity with the parties. *Sanders Confectionery Prods., Inc.*, 973 F.2d at 481. "Privity in this sense means a successor in interest to the party...." *Id*.

*Browning v. Levy*, 283 F.3d at 772.

Thus, while Talmer is bound by the discharge obtained by the Debtor Keith Kramer in the 2009 case, the Debtor is not discharged from any obligation he had under the terms of the confirmed plan in that case (*e.g.*, payment obligations), to the extent he has not performed them.

Second, the requirements of § 1141(d)(5)(A) were in fact met in the 2009 case, contrary to Talmer's contentions. The provisions of the proposed Fourth Amended Plan constituted ample and clear notice to all creditors, including First Place Bank, that the plan proposed that Keith Kramer would receive a discharge upon confirmation, and clearly described the provisions of § 1141(d)(5)(A).[2] The confirmation hearing held on April 21, 2010 satisfied the "hearing"

---

[1] First Place Bank filed a proof of claim in Debtor Keith Kramer's 2009 case (Claim No. 11-2 in Case No. 09-52903), and actively participated in the 2009 case, through counsel. (*See, e.g.*, Docket ## 109, 125, 145, 160, 164, 166, 181, 184, in Case No. 09-52889 (lead case)).

[2] And this notice was amplified by the order the Court entered on December 3, 2009. As explained in the Show-Cause Order, on December 3, 2009, in the 2009 lead case, the Court entered an order (the "December 3 Order") requiring the Debtors to amend the proposed joint combined plan and disclosure statement by inserting specified language that would highlight for creditors that such plan was proposing a departure from the § 1141(d)(5)(A) default rule (under the "unless . . . the court orders otherwise" provision), that an individual debtor does not receive a discharge under Chapter 11 until all payments under the confirmed plan have been made. (*See* Docket # 153 in Case No. 09-52889.) This language was included in the Fourth Amended Plan. The December 3 Order also provided notice that the Debtor was seeking a discharge *upon confirmation* rather than upon completion of all of the payments under the plan. The December 3 Order stated, in relevant part:

> If Debtors intend and wish to propose in the Plan that the Debtor Keith Bradley Kramer receive a discharge of any debt(s) upon confirmation of the Plan, notwithstanding 11 U.S.C. § 1141(d)(5)(A), Debtors must explicitly say so, and also must state that: "In the case of an individual

4

requirement of § 1141(d)(5)(A). *See* 11 U.S.C. § 102(1) (defining what "notice and hearing" mean); *In re Draiman*, 450 B.R. 777, 824 (Bankr. N.D. Ill. 2011) (finding that the debtor had complied with the "notice and hearing" requirement of 11 U.S.C. § 1141(d)(5)(A) where (1) "[t]he Plan specifically provide[d] for the Debtor's discharge upon the Effective Date;" (2) "the Disclosure Statement also state[d] that the Debtor is seeking a discharge upon confirmation;" (3) "[b]oth the Plan and the Disclosure Statement were sent out to all creditors;" (4) "the Court held a hearing on confirmation of the Plan;" and (5) "[a]t the [confirmation] hearing, the Debtor testified that he was seeking a discharge upon confirmation"). And the failure of any party to object to confirmation of the Fourth Amended Plan's provision granting Debtor Keith Kramer a discharge upon confirmation constituted "cause" for confirmation of the plan including that provision.

### III. Conclusion

For the reasons stated by the Court in the Show-Cause Order, and in this Opinion and Order, the Court concludes that the Debtor is not eligible for a discharge in this case in view of 11 U.S.C. § 727(a)(8), because the Debtor was granted a discharge under 11 U.S.C. § 1141 in the case of *In re Kramer*, Case No. 09-52903, which case was filed on April 24, 2009, within 8 years before the filing of this case on April 28, 2015.

### IV. Order

Accordingly,

IT IS ORDERED that Debtor's discharge is denied, based on 11 U.S.C. § 727(a)(8).

IT IS FURTHER ORDERED that the hearing on the Show-Cause Order, scheduled for March 30, 2016 at 10:00 a.m., is cancelled.

IT IS FURTHER ORDERED that, consistent with 11 U.S.C. §§ 362 (a) and 362(c)(1), the automatic stay in this case under § 362(a) continues with respect to any act against property of the estate, until such property is no longer property of the estate; or until such stay terminates under some other provision of the Bankruptcy Code; or until the Court orders otherwise.

IT IS FURTHER ORDERED that, consistent with 11 U.S.C. §§ 362 (a) and 362(c)(2)(C),

---

debtor such as Debtor Keith Bradley Kramer, 11 U.S.C. § 1141(d)(5)(A) states that "unless after notice and a hearing the court orders otherwise for cause, confirmation of the plan does not discharge any debt provided for in the plan until the court grants a discharge on completion of all payments under the plan."

*Id.* at 2.

the automatic stay under § 362(a) of any act other than an act against property of the estate is terminated.


**Signed on March 29, 2016**          /s/ **Thomas J. Tucker**
                                      **Thomas J. Tucker**
                                      **United States Bankruptcy Judge**